IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WILLIE JOHNSON,                )
                               )
        Petitioner,             )
                               )
v.                             )     No. 4:16-cv-00649-NKL
                               )
UNITED STATES OF AMERICA,       )
                               )
        Respondent.             )

**ORDER**

Petitioner Willie Johnson moves under 28 U.S.C. § 2255 to vacate his current sentence. [Doc. 1]. For the reasons discussed below, the motion to vacate is granted.

**I.     Background**

On February 4, 2004, Petitioner Willie Johnson was convicted of being a felon in possession of a firearm contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Doc. 6, p.2]. A conviction under § 922(g)(1) normally carries a statutory maximum sentence of ten years imprisonment. However, if the defendant has previously been convicted of three "violent felonies," the Armed Career Criminal Act requires a mandatory minimum sentence of 15 years. At the time of Johnson's sentencing, a violent felony was:

> [A]ny crime punishable by imprisonment for a term exceeding one year…that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves, the use of explosives, or <u>otherwise involves conduct that present a</u>

1

<u>serious potential risk of physical injury to another</u>.

§ 924(e)(2)(B) (emphasis added). The underlined provision above is referred to as the "residual clause" of the ACCA and the preceding phrase, "burglary, arson, extortion, . . . the use of explosives" is referred to as the "enumerated offenses" clause.

Johnson's conviction was for a violation of §922(g)(1). At the time of his sentencing, he had at least three convictions for second-degree burglary under Missouri law. He was sentenced to 180 months.

Petitioner now requests this Court "vacate his current sentence and re-sentence him within or below the advisory guidelines range of 51-63 months." [Doc. 1, p. 1]. He argues that he is entitled to this reduction because of the recent Supreme Court opinion, *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States argues Petitioner is not entitled to relief because even if the residual clause is unconstitutional, Petitioner's burglary convictions "qualified" under the enumerated offenses clause. [Doc. 6, p. 1].

II. **Discussion**

   **A. Must the Court first determine whether Petitioner's sentence was enhanced under the residual clause?**

The government contends that "there can be little question that this Court found under prevailing case law, that Johnson's prior burglaries of 'inhabitable structures' constituted generic burglary under the 'enumerated offenses clause.'" The government's only authority for this statement is that Eighth Circuit case law at the time of sentencing held that "second-degree burglary qualified under the 'enumerated felonies clause.'" [Doc. 6, p. 5]. However, it is equally probable that a court would rely on the broader, residual clause, which would also avoid any conflict between existing Supreme Court president and Eighth Circuit precedent. *See, e.g.*,

*United States v. Cantrell,* 530 F.3d 684, 694–96 (8th Cir. 2008) ("[W]e need not analyze whether [Petitioner]'s conviction constituted 'burglary' as defined in *Taylor*, because [Petitioner]'s offense was clearly a 'crime of violence'" under the broader residual clause of the sentencing guidelines.).

The better approach, however, is to find that where the sentencing record is unclear, relief is available under these circumstances if the court might have relied on the unconstitutional residual clause. *See, e.g., United States v. Ladwig*, 2016 WL 3619640 (E.D. Wash. June 28, 2016). The *Ladwig* opinion relied, by and large, on the rule that "a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." *Id.* at *3 (citing *Zant v. Stephens*, 462 U.S. 862, 881 (1983)). *See also O'Neal v. McAninch,* 513 U.S. 432 (1995); *United States v. Mendoza-Mesa*, 421 F.3d 671, 672–73 (8th Cir. 2005). The *Ladwig* court reasoned that "[i]n the context of a potential deprivation of such a critically important right, a showing that the sentencing court might have relied on an unconstitutional alternative ought to be enough to trigger inquiry into whether the sentencing court's consideration of that alternative was ultimately harmless [error]." *Id*.

This approach is also consistent with the crux of the government's argument, which is that even without the residual clause, Petitioner was still a violent offender under the ACCA because his burglary convictions "qualified" under the enumerated offenses clause. This argument is analogous to harmless error jurisprudence and therefore that jurisprudence is appropriately considered.

### B. Is Petitioner's claim timely and is there cause and prejudice for any procedural default?

The government argues that, by failing to object to the use of his burglary convictions as ACCA predicate offenses during his sentencing or on direct appeal, Petitioner has procedurally defaulted on this claim. [Doc. 6, p. 7]. But Petitioner is seeking relief under *Johnson* and *Johnson* announced a new rule of substantive law that was unavailable to Petitioner at the time of his sentencing.[1] *See Welch v. United States,* 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies retroactively); *Reed v. Ross*, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."). Although the government further contends that "[a]t its core, this is not a *Johnson*-based challenge," without *Johnson*, Petitioner would have no basis for claiming he was not an armed career criminal under the enumerated felonies clause because the residual clause would still be applicable. Thus, this is a *Johnson*-based challenge, Petitioner timely filed his motion within one year of the decision, and had cause for not raising his *Johnson* claim at the time of his sentencing.

Petitioner also has shown that he was prejudiced by any procedural default. This is because it is clear that he does not qualify as a career offender now or at the time he was sentenced.

### 1. To determine prejudice, does the Court consider current case law or the law at the time of sentencing?

In a § 2255 proceeding, the Court must apply current case law to determine whether the prejudice prong of *Strickland* is applicable. *See Hockhart v. Fretwell*, 506 U.S. 364, 371–72

---

[1] Petitioner also argues that "Because a defendant cannot waive a challenge to a sentence in excess of the statutory maximum, it follows that a defendant cannot procedurally default a challenge to an illegal ACCA sentence." [Doc. 7, p. 18]. That theory does not address *Grooms v. United States*, 556 Fed. Appx. 548, 551 (8th Cir. 2014), and the Court does not consider it here.

4

(1993). It would also be applicable for purposes of harmless error calculation. *See Ladwig*, 2016 WL 3619640 at *5. Public policy also strongly supports that conclusion here:

> Attempting to recreate the legal landscape at the time of a defendant's conviction is difficult enough on its own. But in the context of *Johnson* claims, the inquiry is made more difficult by the complicated nature of the legal issues involved. This area of the law has accurately been described as a "hopeless tangle," *Murray v. United States*, No. 96–CR–5367–RJB, 2015 WL 7313882 at *5 (W.D. Wash. November, 19, 2015), and has stymied law clerks and judges alike in a morass of inconsistent case law. An inquiry that requires judges to ignore intervening decisions that, to some degree, clear the mire of decisional law seems to beg courts to reach inconsistent results. Current case law has clarified the requisite analysis and applying that law should provide greater uniformity, helping to ensure that like defendants receive like relief.

*Id.* For a succinct review of the confusion, compare *United States v. Mathis*, 786 F.3d 1068 (8th Cir. 2015) with *Mathis v. United States*, 136 S. Ct. 2243 (2016).

## 2. Does Petitioner have three burglary convictions that "qualify" as enumerated offenses under the Armed Career Criminal Act?

Petitioner has six convictions under the Missouri second-degree burglary statute, Mo. Rev. Stat. § 569.170.1. Under this provision, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Although "building" is not defined in the statute, "inhabitable structure" includes "a ship, trailer, sleeping car, airplane, or other vehicle or structure: (a) Where any person lives or carries on business or other calling; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or (c) Which is used for overnight accommodation of persons." Mo. Rev. Stat. § 569.010. A vehicle or structure is inhabitable regardless of whether a person is present. *Id.*

Both the government and Petitioner understandably devote a significant portion of their respective briefs to statutory interpretation, specifically on the issue of whether the statute

5

includes alternative elements or alternative means of proving a location element. Petitioner argues that the statute is non-divisible and lists alternative means. The government, conversely, contends that the statute is divisible and lists alternative elements. In many cases, this distinction will be crucial; under Petitioner's interpretation, no conviction for second-degree burglary under the statute is "generic burglary."

In this case, however, there is no need to look beyond identification of the charge, namely whether Petitioner was convicted of burgling a building or an inhabitable structure. *See Mathis,* 133 S. Ct. at 2246 ("How a given defendant actually perpetrated the crime . . . makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence.") Petitioner's six convictions for second-degree burglary include two convictions for "burglary of a building" and four convictions for "burglary of an inhabitable structure." [Doc. 7, p. 3; Doc. 10, p.7]. "Burglary of an inhabitable structure" under the statute is broader than generic burglary. *See United States v. Bess*, 2016 WL 3923888 (8th Cir. Mo. July 21, 2016) ("Missouri law defines 'inhabitable structure' to include 'a ship, trailer, sleeping car, airplane, or other vehicle or structure.' The statute thus covers a broader range of conduct than generic burglary and therefore does not qualify categorically as a violent felony."). Even assuming, *arguendo*, that the government's interpretation of the statute is correct, under current law, Petitioner could not have three generic burglary convictions and is not eligible for enhancement under the ACCA.

### III. Conclusion

For the foregoing reasons, Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is granted and his sentence is vacated. Consistent with this Order, the Court will schedule a hearing for resentencing.

                                <u>s/ Nanette K. Laughrey</u>  
                                NANETTE K. LAUGHREY  
                                United States District Judge

Dated: <u>November 3, 2016</u>
Jefferson City, Missouri